# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** *Plaintiff* § § § | |
| **v.** § § | Case No. 1:21-CR-00216-RP |
| **MICHAEL FULLERTON,** *Defendant* § § | |

## O R D E R

On October 29, 2021, Defendant Michael Fullerton appeared before the Court for an initial appearance. The Court advised Defendant that he has a constitutional right to an attorney, and that if he is financially unable to obtain counsel, the Court would appoint an attorney to represent him. Defendant stated that he waived his right to counsel and intended to represent himself.

The Court engaged in an extensive colloquy with Defendant on the implications of self-representation in a felony criminal case and strongly advised Defendant against it. The Court informed Defendant of the many advantages to having an attorney and the many disadvantages of self-representation, including, among others, Defendant's lack of familiarity with the Rules of Evidence, the Rules of Criminal Procedure, and court procedure; his limited access to witnesses; and that he would not be able to claim his own incompetence as a basis for an appeal or a new trial. The Court advised Defendant that a trained lawyer would better defend him and strongly urged Defendant not to represent himself.

Defendant testified that he understood and was able to weigh the dangers and disadvantages of representing himself. Nonetheless, Defendant expressly and repeatedly stated that he desired to represent himself and did not wish to retain an attorney or have one appointed to him at the present time.

Defendant, who is 48 years of age, appeared to be fully competent during the hearing. Defendant testified that he holds a degree in ministerial studies. Defendant further testified that his decision to waive his right to counsel was voluntary; that he has never been diagnosed and treated for a mental illness; and that he was not suffering from any mental or physical condition nor under the influence of any drugs, alcohol, or medication that interfered with his ability to understand the Court's questions or the issue of self-representation. Accordingly, the Court found that Defendant knowingly and voluntarily waived the right to counsel, and therefore permitted him to represent himself.

The Court nonetheless will appoint standby counsel in order to attempt to mitigate some of the prejudice Defendant otherwise may suffer by representing himself in this case. In *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975), the Supreme Court stated that a court "may – even over objection by the accused – appoint a 'standby counsel' to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *See also, e.g.*, *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – even over the defendant's objection – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals."); *United States v. Mesquiti*, 854 F.3d 267 (5th Cir. 2017) (affirming conviction in self-representation case where court appointed standby counsel). Defendant is advised that the trial court may terminate self-representation by any defendant who deliberately engages in serious and obstructionist misconduct. *Faretta*, 422 U.S. at 834 n.46.

Standby counsel hereby appointed is:

>Office of the Federal Public Defender
>504 Lavaca Street
>Suite 960
>Austin, TX 78701-2860
>Phone: (512) 916-5025

**SIGNED** on November 1, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE