UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* | § § § | |
| v. | § | No. 1:21-CR-00216-RP |
| (1) MICHAEL FULLERTON, *Defendant* | § § § § | |

## ORDER

Before the Court are Defendant Michael Fullerton's Motion for Appointment for New Counsel or Mediation, Dkt. 124, along with a corresponding motion filed by his (second) appointed attorney, James Young, Dkt. 129. The Government opposes the motions. Dkt. 128. The District Court referred the motions to the undersigned for disposition. After holding a hearing, the Court has determined that the motions should be denied.

Before addressing the concerns expressed in the motions, a quick summary of the relevant procedural background is warranted:

- October 27, 2021: Information filed charging Fullerton with 11 counts related to fraud alleged in connection with the Paycheck Protection Program. Fullerton was representing himself at this point, though he had been represented by David Botsford prior to the charges being filed. Dkt. 1.

- November 1, 2021: Assistant Federal Public Defender Horatio Aldridge is appointed as standby counsel. Dkts. 9, 10.

- November 23, 2021: The Federal Public Defender is appointed to represent Fullerton. Dkt. 22. Assistant Federal Public Defender Jesus Salinas then appears. Dkt. 25.

1

- September 2022: Mr. Salinas moves to withdraw citing a breakdown in trust with his client. Dkt. 79. Fullerton joined the request, citing various alleged shortcomings on his attorney's part. Dkt. 84. The undersigned set the motion for hearing, Dkt. 82, and granted the motion after holding that hearing. Dkt. 88. The Court permitted Mr. Salinas to withdraw and appointed James Young, Fullerton's present counsel, to take his place. *Id.* At the hearing and in the order, the Court advised Fullerton that "future requests for new appointed counsel will not be well-taken" and that "the U.S. Court of Appeals for the Fifth Circuit has observed that 'a persistent, unreasonable demand for dismissal of counsel and appointment of new counsel … is the functional equivalent of a knowing and voluntary waiver of counsel.'" *Id.* (quoting *United States v. Moore*, 706 F.2d 538, 540 (5th Cir. 1983)).

- December 13, 2022: The District Court granted Fullerton's motion for a continuance and set his case for trial on May 30, 2023 (four weeks and one day from the date of this order).

- April 2023: Fullerton filed the present motion, asking for a new appointed attorney, Dkt. 124; his attorney subsequently moved to withdraw, Dkt. 129.

Fullerton's motion once again cites a litany of grievances against his appointed counsel, mirroring his filing regarding Mr. Salinas. At the hearing, Fullerton expressed his concerns that, among other things, his counsel had not met with him regularly enough, did not appear to be ready or willing to proceed to trial, had not disclosed all of the discovery received from the government, and did not appreciate the importance of various financial records he had transmitted to his attorney.[1] The Government responded that Fullerton's filings demonstrate that Young has been responsive, and while they may disagree on strategy, that alone does not represent

---

[1] Fullerton also resorted to ad hominem attacks on his attorney, accusing him of being "dishonest" and "lying" to the Court. The Court admonished Fullerton at the hearing that such unfounded attacks would not be tolerated. The Court warns Fullerton that further ad hominem attacks and accusations may subject him to sanctions. *See, e.g.*, *Merkle v. Gragg*, No. CV SA-19-MC-740-XR, 2019 WL 6327584, at *12 n.3 (W.D. Tex. Nov. 26, 2019)).

2

good cause to remove an attorney, especially when the parties are so close to trial, as they are in this case. *See* Dkt. 128, at 3-4. The Government estimated at the hearing that granting Fullerton's motion at this stage could delay trial by 6-10 months, given the complexity of the financial transactions involved.

The undersigned agrees with the Government. It is clear that Fullerton and his present attorney have disagreed on strategy to date. But at the hearing, both Fullerton and his attorney expressed a willingness and desire to go to trial. Based on those representations, the undersigned is not convinced that the attorney-client relationship in this case is beyond repair, and that substituting an attorney yet again, at this late stage of the case, would not only prejudice the Government but likely Fullerton himself. Moreover, based on Fullerton's conduct in this case, the undersigned is confident that this cycle would just repeat itself again if a new attorney were to be substituted.

For all of these reasons, the undersigned **DENIES** Fullerton's motion for new counsel and his attorney's motion to withdraw, Dkts. 124, 129.

SIGNED May 1, 2023.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE