# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:21-cr-00216-RP |
| | § | |
| **MICHAEL FULLERTON** | § | |
| *Defendant* | § | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on January 18, 2024, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release dated January 9, 2024 (the "Petition") (Dkt. 201). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

Defendant Michael Fullerton was ordered released on conditions on October 29, 2021. Dkt. 6. Defendant is charged in a Third Superseding Indictment with a total of eleven counts of bank fraud, wire fraud, conspiracy to commit bank and wire fraud, conspiracy to commit money laundering, engaging in monetary transactions in criminally derived property, and aggravated identity theft. Dkt. 152. Trial is set for April 5, 2024. Dkt. 199.

The Petition alleges that Defendant violated the following conditions of release on January 4, 2024, when sheriff's deputies located him during an alleged suicide attempt:

- Condition 7(k): The defendant must not possess a firearm, destructive device, or other weapon.

- Condition 7(l): The defendant must not use alcohol excessively.

- Condition 7(m): The defendant must not use or unlawfully possess a narcotic drug and other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

- Condition 7(s): The defendant must report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

The Petition alleges that Defendant was found in his vehicle with a handgun and his mother-in-law's medication, and admitted to having "a few beers." Dkt. 201 at 1. The Petition also alleges that Defendant did not report his contact with law enforcement to Pretrial Services. *Id.* At the revocation hearing, Defendant pled "true" to all four violations.

The Court has considered the Pretrial Services Report, the Petition, and the evidence presented and arguments of counsel for Defendant and the government at the revocation hearing. Based on the uncontroverted record evidence and Defendant's admission, pursuant to 18 U.S.C. § 3148(b)(1), the Court finds that there is clear and convincing evidence that Defendant has violated conditions of his release 7(k), 7(l), 7(m), and 7(s). The Court further finds that there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community under 18 U.S.C. § 3148(b)(2)(A), and that Defendant is unlikely to abide by any condition or combination of release under 18 U.S.C. § 3148(b)(2)(B).

The Court's findings are based on Defendant's violation of several of his conditions of release and the danger posed to the safety of others and the community by his possession of a handgun when found by deputies. Testimony was presented at the hearing that the gun was owned by his wife and co-defendant Tiffany Fullerton, and that Defendant took the gun from his father-in-law's gun safe, where it was being kept pursuant to the Court's orders that both defendants must not possess a firearm while on pretrial release. Defendant's intentional action in removing the gun from the safe supports the Court's finding that Defendant is unlikely to abide by any conditions of release.

For these reasons, it is **ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 201) is **GRANTED**, Defendant's previous release on conditions is **REVOKED**, and Defendant is **HEREBY DETAINED** pending further proceedings in this case.

**Directions Regarding Detention**

Defendant is remanded to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SIGNED** January 18, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE